UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BASIRU GBADAMOSI,

                      Plaintiff,           COMPLAINT
                                                  (Jury Trial Demanded)
    -against-

                                                  05 Civ. 9624 (SAS)

CITY OF NEW YORK, POLICE OFFICER
TIMOTHY GAVEN, Shield No. Unknown, Tax
Registry No. unknown, and POLICE OFFICER
JOHN DOE, Shield No. Unknown, Tax Registry
No. unknown,

                      Defendants.
------------------------------------X

       Plaintiff Basiru Gbadamosi, by his attorney Scott A. Korenbaum, Esq., for his complaint, alleges as follows:

## INTRODUCTION

       1.     Basiru Gbadamosi brings this action pursuant to, among other things, 42 U.S.C. § 1983, to redress the deprivation of his constitutional rights. More specifically, on June 6, 2005, defendant Police Officer Timothy Gaven, Shield No. Unknown, Tax Registry No. Unknown, falsely arrested him and committed a battery during the effectuation of his arrest.

       2.     Mr. Gbadamosi also brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his constitutional rights at the hands of police officer John Doe. Despite his knowledge of the baselessness for his arrest, defendant Doe failed to prevent Gaven from arresting Mr. Gbadamosi.

## JURISDICTION AND VENUE

       3.     Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Gbadamosi's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claims

of Mr. Gbadamosi arising under the common law of the State of New York.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of occurred in the State of New York, County of New York.

## PARTIES

5.      Mr. Gbadamosi is a citizen of the United States. He resides in the State of New York, County of New York.

6.      Defendant Police Officer Gaven, Shield No. Unknown, Tax Registry No. Unknown, was, at all times relevant herein, a member of the New York City Police Department ("NYPD"). Upon information and belief, at all times relevant herein, he was assigned to the 19th Precinct.

7.      Upon information and belief, Gaven is still a member of the NYPD and still assigned to the 19th precinct. At all times relevant herein, he was acting within the scope of his employment and under color of law.

8.      Defendant police officer John Doe, Shield No. and Tax Registry No. Unknown, was, upon information and belief, a member of the NYPD. Upon further information and belief, at all times relevant herein, he was assigned to the 19th Precinct.

9.      Upon information and belief, defendant Doe is still a member of the NYPD and still assigned to the 19th precinct. At all times relevant herein, he was acting within the scope of his employment and under color of law.

10.     Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of defendants Gaven and Doe.

11.     On July 26, 2005, Mr. Gbadamosi filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

12.     On November 1, 2005, Mr. Gbadamosi presented himself for an examination pursuant to General Municipal Law § 50-h.

13.     At least thirty days have elapsed since Mr. Gbadamosi filed the aforesaid Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

14.     Mr. Gbadamosi is a member of the clergy.  On June 6, 2005, at approximately 2:30 p.m., he arrived on the northwest corner of 86th Street and Lexington Avenue in the borough of Manhattan in order to spread the word of Jesus Christ.

15.     After preaching the gospel for about an hour, Mr. Gbadamosi was approached by police officer Gaven.  Even though he had been conducting himself legally, defendant Gaven approached Mr. Gbadamosi, told him he was too loud, directed him to cease his preaching there, ordered him to move to Park Avenue or face arrest.

16.     In response, Mr. Gbadamosi asked defendant Gaven how could he move to Park Avenue if he were doing something wrong.  Defendant Gaven then took one of Mr. Gbadamosi's cards (which concerned his ministry) that he offered to the public and conferred with defendant Doe.

17.     After conferring with Doe, Gaven approached Mr. Gbadamosi and told him that if he did not move to Park Avenue he would be arrested.  In response, Mr. Gbadamosi asked Gaven why he had to move to Park Avenue.  Gaven then told Gbadamosi that he was under arrest, took him

to the Best Buy store on the northwest corner of 86th Street and Lexington Avenue and handcuffed him.

18.   Upon being rearcuffed, Mr. Gbadamosi complained that he was in pain.  Despite his plea, neither Gaven nor Doe loosened the handcuffs.

19.   Following his arrest of Mr. Gbadamosi, Gaven called for an ambulance.  When Mr. Gbadamosi asked why, Gaven did not respond.

20.   Ultimately, an ambulance responded to the intersection of 86th Street and Lexington Avenue.  A paramedic on the scene told Mr. Gbadamosi that he was being taken to a psychiatric ward for his own safety and the safety of others.

21.   Ultimately, Mr. Gbadamosi was taken to Metropolitan Hospital Center (the "Hospital") in Manhattan.  While at the Hospital, his bodily integrity was violated.  Without any justification, Hospital personnel drew blood and required him to provide a urine sample.

22.   Upon information and belief, Mr. Gbadamosi was examined by mental health professionals.  After spending a total of approximately three hours in custody, which included more than two hours at the Hospital, Mr. Gbadamosi was discharged.

23.   Hospital personnel found nothing wrong with Mr. Gbadamosi.

FIRST CLAIM FOR RELIEF
(Defendant Gaven–False Arrest)

24.   Plaintiff Basiru Gbadamosi repeats and realleges the allegations contained in paragraphs 1 through 22, as if fully set forth herein.

25.   On June 6, 2005, defendant Gaven arrested Mr. Gbadamosi.

26.   Defendant Gaven did not have probable cause to believe that Mr. Gbadamosi had

committed any crime or that he was a danger to himself or others. Put simply, Mr. Gbadamosi did not engage in any conduct that warranted his arrest and detention.

27. As a result of defendant Gaven's conduct, Mr. Gbadamosi was detained, and at all times he knew he was detained. Moreover, Mr. Gbadamosi did not consent to his confinement.

28. Because defendant Gaven did not have probable cause to believe that Mr. Gbadamosi had committed a crime, or that he was a danger to himself or others, the arrest of Mr. Gbadamosi was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a result of his arrest by the individual defendants, Mr. Gbadamosi suffered physical and psychological injuries, and continues to suffer psychological harm.

SECOND CLAIM FOR RELIEF
(Defendant Gaven and City--False Arrest)

30. Plaintiff Basiru Gbadamosi repeats and realleges the allegations contained in paragraphs 1 through 29, as if fully set forth herein.

31. On June 6, 2005, defendant Gaven arrested Mr. Gbadamosi.

32. Defendant Gaven did not have probable cause to believe that Mr. Gbadamosi had committed any crime, or that he was a danger to himself or other. Put simply, Mr. Gbadamosi did not engage in any conduct that warranted his arrest and detention.

33. As a result of defendant Gaven's conduct, Mr. Gbadamosi was detained, and at all times he knew he was detained. Moreover, Mr. Gbadamosi did not consent to his confinement.

34. Because defendant Gaven did not have probable cause to believe that Mr. Gbadamosi had committed a crime, or was a danger to himself or others, his arrest was unjustified.

35. As a result of his arrest by defendant Gaven, Mr. Gbadamosi suffered physical and psychological injuries, and continues to suffer, psychological harm.

36. As the employer of defendant Gaven, defendant City is responsible for the injuries Mr. Gbadamosi suffered, and continues to suffers, as a result of defendant Gaven's conduct pursuant to the doctrine of *respondeat superior*.

### THIRD CLAIM FOR RELIEF
(Defendant Gaven and City--Assault and Battery)

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38. On June 6, 2005, defendant Gaven arrested Mr. Gbadamosi. While handcuffing him, defendant Gaven touched Mr. Gbadamosi in a harmful and offensive manner.

39. At all times relevant herein, defendant Gaven was acting within the scope of his employment.

40. Prior to being handcuffed, defendant Gaven placed Mr. Gbadamosi in imminent fear of a harmful or offensive contact.

41. Mr. Gbadamosi did not consent or otherwise authorize defendant Gaven to touch him.

42. As a result of the conduct of defendant Gaven, Mr. Gbadamosi suffered physical and psychological harm, and continues to suffer psychological harm.

43. As the employer of defendant Gaven, defendant City is responsible for the injuries Mr. Gbadamosi suffered, and continues to suffer, as a result of their conduct pursuant to the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF
(Defendant Doe--Failure to Intervene)

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43, as if fully set forth herein.

45. At all times relevant herein, defendant Doe knew, or should have known, that no basis existed for the arrest of Mr. Gbadamosi.

46. More than enough time existed for defendant Doe to intervene and to halt, or attempt to stop, defendant Gaven's behavior.

47. Nonetheless, defendant Doe stood by while he witnessed Gaven's treatment of Mr. Gbadamosi.

48. Defendant Doe had a realistic opportunity to stop defendant Gaven's unlawful arrest of Mr. Gbadamosi.

49. As such, the conduct of defendant Doe violated Mr. Gbadamosi's rights protected by the Fourth and/or Fourteenth Amendments to the United States Constitution.

50. Because of defendant Doe's failure to intervene, Mr. Gbadamosi suffered physical and psychological injuries, and continues to suffer psychological injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Gbadamosi prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
November 15, 2005

                      SCOTT A. KORENBAUM, ESQ.
                      Attorney for Plaintiff Basiru Gbadamosi
                      111 Broadway, Suite 1305
                      New York, New York 10006
                      (212) 587-0018

By: _____s/_____
      Scott A. Korenbaum (SK-8305)